AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)  ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
11/09/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DVE___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
11/09/21
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

United States of America

    Plaintiff,

    v.

Cody Brandt,

    Defendant.

Case No. 8:21-mj-00757-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 18, 2021 in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) | Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:

   *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Farshid Hashempour
*Complainant's signature*
Farshid Hashempour, Task Force Officer-FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: November 9, 2021


*Judge's signature*

City and state: Santa Ana, California

Hon. John D. Early, U.S. Magistrate Judge
*Printed name and title*

**A F F I D A V I T**

I, Farshid Hashempour, being duly sworn, hereby declare and state as follows:

## I. INTRODUCTION

1. I am a Detective with the Santa Ana Police Department ("SAPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Federal Bureau of Investigation ("FBI"). As a TFO with the FBI, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I am assigned to the Orange County Violent Gang Task Force ("OCVGTF"). The OCVGTF is composed of federal and local law enforcement agencies, including, but not limited to, the FBI, the SAPD, and detectives from the Anaheim Police Department. The OCVGTF is responsible for, among other things, investigating violations of federal law committed by criminal street gangs, the Mexican Mafia, and other violent criminal organizations in Orange County. Prior to this assignment with the FBI, I was a SAPD Police Officer and have been so employed for approximately twenty years.

3. I have specialized training and experience in investigations of narcotics trafficking and criminal street gangs. During my tenure as a Police Officer, as well as an FBI TFO, I have conducted and participated in numerous investigations of criminal activity, specifically including

narcotics trafficking and violent offenses committed by street gangs. Since joining the OCVGTF in 2010, I have specialized in investigations of the Mexican Mafia and its subordinate gangs in Orange County. As part of these investigations, I have also learned about the drug trafficking organizations that supply street gangs with illegal narcotics.

## II. PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of a criminal complaint and arrest warrant against "CODY BRANDT" ("BRANDT") for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii) (Possession with Intent to Distribute Methamphetamine).

5. The facts set forth in this affidavit are based upon information obtained from other law enforcement personnel, my personal knowledge, and my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. SUMMARY OF PROBABLE CAUSE

6. On July 18, 2021, a Police Officer from the Buena Park Police Department ("BPPD") was working uniformed patrol in a marked unit, when he observed a silver Toyota Camry with faulty brake and vehicle license plate lights, both in violation of the California Vehicle Code. The Officer initiated a traffic stop

as the vehicle pulled into the parking lot of a hotel. At the time of the stop, BPPD Dispatch advised the Officer that the vehicle's registered owner, who was later determined to be the female driver of the car, had an active arrest warrant.

7. The officer contacted the three occupants of the vehicle to include the rear passenger, who initially identified himself as Anthony Gallegos, but was later identified as CODY BRANDT. The officer had the driver exit the vehicle and sat her on the ground without handcuffs in front of his patrol vehicle. The officer identified the driver as Maria Chavez. The officer removed the front passenger, who consented to a pat down search of his person for contraband. The front passenger was also seated on the ground without handcuffs after the pat down search. The officer obtained consent from BRANDT to conduct a search of his person. Prior to the search, BRANDT advised the officer that he had drugs in the right lower pocket of his pants. A search of the BRANDT's pocket revealed marijuana residue.

8. BPPD Dispatch advised the officer that Chavez had an active arrest warrant out of Orange County and he placed Chavez under arrest. Due to the position that the silver Toyota Camry had been parked at the time of the traffic stop, in which it was blocking other parked cars, as well as Chavez's arrest and the other passengers' inability to produce valid driver's licenses, the officer decided to have the vehicle stored incident to arrest. During a subsequent vehicle inventory, the officer found drug paraphernalia after which he conducted a search for

3

narcotics.  The officer located a blue plastic Ziploc bag on the floorboard behind the right front passenger seat.  The plastic bag was found in the area where BRANDT was seated at the time of the traffic stop.  Inside the Ziploc bag, the Officer found a substance resembling methamphetamine.  The Officer then moved a duffel bag and backpack that were found on the seat directly next to where BRANDT had been seated and found a Para Ordinance Warthog handgun loaded with seven rounds of .45 caliber ammunition.  A clear plastic bag containing a black substance believed to be heroin was also found near where BRANDT was seated.  This substance was later determined to be fentanyl.  During a search of the backpack, the Officer located two large plastic bags containing a substance he believed to be methamphetamine.  During a search of the duffel bag, thirty-two rounds of Winchester .45 caliber ammunition were found along with one round of 9mm ammunition.

    9.   BRANDT was placed under arrest and transported to the BPPD Jail, where he was advised of his Miranda Rights.  BRANDT acknowledged his rights and admitted that the methamphetamine and fentanyl located in the vehicle belonged to him.  BRANDT also admitted to possession of the firearm, which he said he carries for protection because of his involvement in the sales of narcotics.

### IV. STATEMENT OF PROBABLE CAUSE

    10.  I have reviewed the police report prepared by BPPD Patrol Officer E. Rubalcava, who was involved in the investigation regarding the July 18, 2021, arrest of BRANDT.

Based on my review of the report, I have learned the following facts:

    a. On July 18, 2021, at approximately 3:50 a.m., BPPD Officer E. Rubalcava was working uniformed patrol in a marked vehicle when he observed a silver Toyota Camry, bearing California License Plate 8PUY994, travelling eastbound on Crescent Avenue from Beach Boulevard, in the city of Buena Park, California. Officer Rubalcava noticed that one of the Toyota Camry's rear brake lights and the vehicle's license plate lights were inoperable, in violation of California Vehicle Code sections 24252(a) and 24601, respectively.

    b. Officer Rubalcava initiated a traffic stop on the Toyota Camry as the vehicle entered the parking lot of the Best Host Inn, located at 8530 Beach Boulevard, Buena Park, California. After stopping, the female driver exited the vehicle, but was instructed by Officer Rubalcava to get back inside the car. During this time, BPPD Dispatch informed Officer Rubalcava that the vehicle's registered owner, who was determined to be the driver, had an active arrest warrant. Officer Rubalcava was assisted by BPPD Officer G. Bernal as they made contact with the three occupants of the Toyota Camry.

    c. Officer Rubalcava contacted the driver, who he identified as Maria Chavez, and the right front passenger, who identified himself as Brandon Yffert. The rear passenger lied by initially identifying himself to the Officers as Anthony Gallegos, but was later positively identified as BRANDT. Chavez was asked to exit the vehicle and was seated on the ground

unhandcuffed, in front of Officer Rubalcava's patrol vehicle. Yffert was then asked to exit the vehicle and consented to allowing Officer Rubalcava to remove the contents from his pockets. Yffert was also seated on the ground unhandcuffed, in front of Officer Rubalcava's patrol vehicle.

    d.   BRANDT also consented to the search of his person as he was asked to exit the vehicle. BRANDT informed Officer Rubalcava that he had drugs in the right lower pocket of his pants. Officer Rubalcava removed a "grinder" from BRANDT's pants that contained marijuana residue inside. A "grinder" is a tool or device that is commonly used to break up the buds of marijuana to facilitate it being placed into rolling paper for smoking. After conducting the search, BRANDT was also seated on the ground unhandcuffed.

    e.   During the investigation, BPPD Dispatch informed Officer Rubalcava that Chavez had an active warrant in Orange County for being an unlicensed driver. At the time of the traffic stop, the position of Chavez's vehicle was blocking two other legally parked vehicles. As a result, Officer Rubalcava decided to have her vehicle towed incident to her arrest pursuant to the warrant. In accordance with BPPD policy, Officer Rubalcava then conducted a vehicle inventory of the Toyota Camry. Officer Rubalcava found drug paraphernalia in the front seat console and then conducted a search for narcotics.

    f.   Officer Rubalcava found a blue clear Ziploc bag on the rear floorboard, directly beneath where BRANDT was seated at the time of the stop. Officer Rubalcava noticed that the bag

6

contained a white crystalline substance resembling methamphetamine.  On the seat directly next to where BRANDT had been seated, Officer Rubalcava found a Jansport backpack and gray duffel bag.  Officer Rubalcava moved the backpack and duffel bag and found a silver colored Para Ordinance Warthog, .45 caliber handgun, bearing serial number K069299.  The weapon was loaded with six .45 caliber rounds of Winchester ammunition in the magazine and one round in the chamber of the firearm.  Due to his proximity to the area where the narcotics and firearm were located, Officer Rubalcava handcuffed BRANDT to prevent him from fleeing the location.

      g.   Officer Rubalcava then continued to search the area where BRANDT had been seated and found another plastic bag containing a black substance he believed resembled heroin.  Officer Rubalcava also found another clear plastic bag containing a substance believed to be methamphetamine.  During a search of the Jansport backpack, Officer Rubalcava found two large Ziploc bags containing large quantities of a white crystalline substance believed to be methamphetamine.  Officer Rubalcava also searched the gray duffel bag and located an additional thirty-two rounds of Winchester .45 caliber ammunition and one round of 9mm Luger ammunition.

      h.   After the discovery of the aforementioned items, Officer Rubalcava overheard BRANDT state that he should have ran because he was going to go to jail for a long time.  A records check was conducted of BRANDT after he provided BPPD Officers with his real name, which revealed an outstanding state warrant

as well as a federal warrant for a weapons charge that was obtained by the Bureau of Alcohol, Tobacco and Firearms ("ATF").

      i.  BRANDT was transported to the Buena Park Police Department Jail, where he was read his Miranda Rights. BRANDT acknowledged his rights and admitted to Officer Rubalcava that the methamphetamine and substance believed to be heroin belonged to him. BRANDT stated that the Para Ordinance handgun was originally in his waistband until he was alerted by Chavez that the police vehicle was behind them. BRANDT then removed the firearm and placed it between the backpack and duffel bag. BRANDT said that he had the firearm for his protection because of his involvement in the sales of narcotics.

      j.  The separate packages of the substance believed to be methamphetamine that were found during the course of this investigation weighed approximately 338 grams. The Ziploc bag containing the black substance believed to be heroin was found to weigh approximately 64 grams.

11. I obtained the narcotics seized during this investigation from the Buena Park Police Department and I sent the narcotics to the DEA Southwest Lab for quantitative and qualitative analysis. I received chemical analysis reports for the packages of white crystalline substance from the DEA Southwest Lab, which stated that they had been determined to be methamphetamine with a substance purity of 97% and 94%, respectively. The lab concluded that the amount of pure methamphetamine was approximately 271.9 grams. The DEA

Southwest Lab analysis of the black substance determined that it was Fentanyl with a net weight of 59 grams.

12.  Based on my training and experience, which includes observing methamphetamine, I submit that there is probable cause to believe that the narcotics taken during the search of BRANDT and his property are in fact methamphetamine and Fentanyl. Additionally, based on my training and experience, I believe that the amounts of 271 grams of methamphetamine and 59 grams of Fentanyl are more than would be possessed for personal consumption and that possession of that amount of each drug shows that they were possessed for the purpose of distribution.

## V.  CONCLUSION

13.  For all the reasons described above, there is probable cause to believe that BRANDT has committed a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii) (Possession with Intent to Distribute Methamphetamine).

/s/ Farshid Hashempour
FARSHID HASHEMPOUR
Task Force Officer, FBI

Attested to by the applicant
in accordance with the
requirements of Fed. R.
Crim. P. 4.1 by telephone on
this 9th day of November
2021.

HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE

9